RECEIVED
SEP 29 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WOODY D. BILYEU, ET AL. | CIV. ACT. NO. 16-00023 |
| -vs- | JUDGE DRELL |
| WELLS FARGO INSURANCE SERVICES, INC., ET AL. | MAG. JUDGE PEREZ-MONTES |

## JUDGMENT

Before the court is the Report and Recommendation of the Magistrate Judge, previously issued in the above-captioned civil matter. (Doc. 33). The parties have fully briefed Plaintiffs' underlying Motion to Remand (Doc. 14) as well as the Report and Recommendation (Docs. 34, 38) and we have reviewed these filings, as well as the remainder of the record. Based on our review of the law and arguments of the parties, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that Plaintiffs' Motion to Remand is **GRANTED** (Doc. 14) and the Motion to Dismiss by Wells Fargo (Doc. 11) is **DENIED** as **MOOT** and this case is remanded to Louisiana's Eighth Judicial District Court for the Parish of Winn for further proceedings. In so finding, we adopt the reasoning of the Magistrate Judge's Report and Recommendation, with the exception of noting that the Louisiana Declaratory Judgment Act (La. C. Civ. P. Arts. 1871, et seq.) is a procedural law, rather than a substantive law. State v. Board of Sup'rs., La. State University & Agr. & Mechanical College, 228 La. 951 (La. 1955). Under the Erie doctrine, this court is bound to apply state substantive law, while applying federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938); Symetra Life Ins. Co. v. Rapid Settlements, Ltd., 775 F.3d 242, 248 (5th Cir. 2014); Quinn v. Louisiana Citizens Property Ins. Corp., 118 So.3d 1011 (La. 2012). Additionally, a declaratory judgment action removed to federal district court is

treated as one filed under the Federal Declaratory Judgment Act (28 U.S.C. § 400).  28 U.S.C. §§ 2201, 2202; Bell v. Bank of Am. Home Loan Servicing, LP, 2012 WL 568755 (S.D. Tex. 2012).

Though these precepts require inclusion in this judgment, we do not find that they change the ultimate result in this matter.  We agree with the findings of the Magistrate Judge regarding the substantive propriety of joinder of the Directech Defendants in this particular case and conclude that remand is, indeed, proper for the reasons explained in the Report and Recommendation.

**THUS DONE AND SIGNED** at Alexandria this 28th day of September, 2016.

                                      **DEE D. DRELL, CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**